1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

8  MELVIN B. VAUGHN,                      )   No. C 14-02231 BLF (PR)
                                          )
9           Petitioner,                   )   **ORDER VACATING ORDER OF**
                                          )   **DISMISSAL AND REOPENING**
10    v.                                  )   **CASE; ORDER TO SHOW CAUSE**
                                          )
11  RICK HILL, Warden,                    )
                                          )
12          Respondent.                   )
                                          )
13                                        )
   ——————————————————————————————————    )
14

15     Petitioner, a state prisoner proceeding *pro se*, filed a petition for writ of habeas

16  corpus pursuant to 28 U.S.C. § 2254.  The Court dismissed the petition for failure to pay

17  the filing fee.  (Docket No. 9.)  Petitioner has since paid the filing fee.  (Docket No. 12.)

18  Accordingly, the Court vacates the Order of Dismissal and Judgment and orders the Clerk

19  of the Court to reopen this case.

20                          **ORDER TO SHOW CAUSE**

21     According to the petition, in April 1996, Petitioner was found guilty of two counts

22  of first degree burglary.  (Pet. Attach. at 6.)  The court also found true several

23  enhancement allegations.  (*Id.*)  Petitioner was sentenced to an indeterminate term of 30

24  years and 4 months to life, and imposed additional terms for each enhancement.  (*Id.* at

25  6–7.)  On August 7, 1996, the court modified his sentence.  (*Id.* at 7.)

26     Petitioner appealed his conviction, and the state appellate court affirmed.  (Pet. at

27  3.)  The state high court denied review.  (*Id.*)  Petitioner later filed an additional petition

28  for review in the California Supreme Court, which was denied on April 9, 2014.  (Pet.

1  Attach., Ex. A.)

2        Petitioner filed the instant federal habeas petition on May 14, 2014.

3                                    **DISCUSSION**

4  **A.    Standard of Review**

5        This court may entertain a petition for a writ of habeas corpus "in behalf of a

6  person in custody pursuant to the judgment of a State court only on the ground that he is

7  in custody in violation of the Constitution or laws or treaties of the United States." 28

8  U.S.C. § 2254(a).

9        It shall "award the writ or issue an order directing the respondent to show cause

10  why the writ should not be granted, unless it appears from the application that the

11  applicant or person detained is not entitled thereto." *Id.* § 2243.

12  **B.    Legal Claims**

13        Liberally construed Petitioner claims the following cognizable grounds for federal

14  habeas relief: (1) trial court erred in failing to strike one of his prior convictions in

15  violation of Petitioner's due process rights (*see* Pet. Attach. at 6 and 11–12); (2) the three

16  strikes law, as applied to his sentence, violated the double jeopardy and due process

17  provisions of the Fifth Amendment (*id.* at 9, 14 and 26–29); and (3) ineffective assistance

18  of trial counsel for failure to develop exculpatory evidence and for procedurally

19  defaulting the above Fifth Amendment claim (*id.* at 6 and 14). These claims merit an

20  answer from Respondent.

21        The following claims made by Petitioner allege violations of state law and

22  therefore are not cognizable in federal habeas, *see Swarthout v. Cooke*, 562 U.S. 216, 222

23  (2011): that his due process rights were violated when he was not provided with an

24  evidentiary hearing as required by section 1265 of the California Penal Code (*id.* at 8 and

25  30); that the state appellate court erred in failing to provide a timely notice of right to

26  appeal as required by section 1170.125 of the California Penal Code (*id.* at 6 and 13-14);

27  that his case should have been remanded back to the state court under section 1385 of the

28  California Penal Code (*id.* at 13); and that he should have been re-sentenced under section

1170.126 of the California Penal Code (*id.* at 13).

The remainder of Petitioner's claims — correctional officers lost his property and were deceptive with regard to that loss; and that his documents were destroyed (*see* Pet. Attach. at 30) — do not challenge the fact or duration of his confinement and therefore are not cognizable in federal habeas.   If Petitioner seeks to challenge the conditions of his confinement, his claims are properly brought in a civil rights complaint pursuant to 42 U.S.C. § 1983 rather than in a habeas petition. *See Preiser v. Rodriguez*, 411 U.S. 475, 488–500 (1973).

Petitioner was convicted in 1996.  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a one-year statute of limitations on petitions for a writ of habeas corpus filed by state prisoners.  It appears that this instant petition may be untimely.  District courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition. *Day v. McDonough*, 547 U.S. 198, 210 (2006).  Before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their position. *Id.* at 210; *accord Herbst v. Cook*, 260 F.3d 1039, 1041, 1043 (9th Cir. 2001) (district court may address sua sponte the issue of whether a habeas petition is time-barred under 28 U.S.C. § 2244(d), but the court may not dismiss the petition as untimely without providing the petitioner with prior notice and an opportunity to respond). Accordingly, Respondent may file a motion to dismiss the petition as untimely, if such motion is appropriate, before answering on the merits.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1.      The August 22, 2014 Order of Dismissal and Judgment are vacated and the Clerk shall reopen this case.

2.      The Clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on Respondent and Respondent's attorney, the Attorney General of the State of California.  The Clerk also shall serve a copy of this

order on Petitioner.

3.    Respondent shall file with the court and serve on petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the answer.

4.    Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply within **fourteen (14) days** of receipt of any opposition.

5.    Petitioner is reminded that all communications with the court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must also keep the Court and all parties informed of any change of address.

**IT IS SO ORDERED.**

DATED: _April 3, 2015_

BETH LABSON FREEMAN
United States District Judge